IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

KEITH G. O'CONNOR                                                                PLAINTIFF

v.                                      CIVIL NO. 19-cv-03091

ANDREW SAUL, Commissioner                                                        DEFENDANT
Social Security Administration

**MEMORANDUM OPINION**

Plaintiff, Keith G. O'Connor, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claims for a period of disability, disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits under the provisions of Titles II and XVI of the Social Security Act (the "Act"). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405 (g).

Plaintiff protectively filed his applications for DIB and SSI on February 6, 2017, and February 28, 2017. (Tr. 11). In his applications, Plaintiff alleged disability beginning on August 28, 2015, due to back and neck injuries. (Tr. 11, 240). An administrative hearing was held on August 23, 2018, at which Plaintiff appeared with counsel and testified. (Tr. 31-74). A vocational expert ("VE") also testified. (*Id.*). At the hearing, plaintiff amended his alleged onset date to September 3, 2015. (Tr. 45-47).

On June 13, 2019, the ALJ issued an unfavorable decision. (Tr. 8-24). The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: osteoarthritis/degenerative disc disease of the lumbar spine,

1

lumbago, polyosteoarthritis, obesity, and a history of gout. (Tr. 14). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 14-15). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that the claimant can occasionally climb ramps and stairs and can never climb ladders, ropes or scaffolds. He can occasionally balance, stoop, kneel, crouch and crawl. The claimant must avoid concentrated exposure to vibration and hazards including no driving as part of work.
>  (Tr. 15-22).

The ALJ found Plaintiff would be unable to perform any of his past relevant work. (Tr. 22). With the help of a vocational expert, the ALJ then determined that Plaintiff could perform the representative occupations of callout operator, addresser, or document preparer. (Tr. 22-23). The ALJ found Plaintiff was not disabled from August 28, 2015, through the date of his decision. (Tr. 23).

Subsequently, Plaintiff filed this action. (Doc. 2). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 13, 14).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial

evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff brings two points on appeal: 1) Whether the ALJ erred by failing to fully and fairly develop the record, specifically by denying Plaintiff's request for a physical consultative examination; and 2) Whether the ALJ's RFC determination was supported by substantial evidence. (Doc. 13). The Court has reviewed the entire transcript and the parties' briefs.  For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision.  Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 13th day of November 2020.

/s/  *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE

3